IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-00051-KDB-DCK

| | |
|---|---|
| JESSICA LENNON BOGGS, <br><br> Plaintiff, <br><br> v. <br><br> NEW SOUTH FINANCE LLC, <br><br> Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2). Based on that examination, the Court finds that Plaintiff's reasonable expected expenses approximately equal her expected income, and she does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff alleges that she has no income or expenses and has been evicted from her residence. Doc. No. 2 at 4–5.

1

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

    **A.    Frivolity Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). In addition, the Court has an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (internal citations omitted).

Plaintiff Jessica Boggs' claims appear to arise from Defendant New South Finance LLC's repossession of her vehicle following her failure to remain current on her automobile loan obligations, which included making regular payments on the loan and providing proof of full-coverage insurance. *See* Doc. No. 1-2. According to the Complaint, beginning in early October 2025, Boggs received delinquency notices advising that she was behind on her loan payments and instructing her either to bring the account current and provide proof of full-coverage insurance or surrender the vehicle. *See id.* Rather than cure the delinquency, Boggs sent New South Finance a document titled "Notice of Submission to the United States Department of the Treasury," asserting

2

that she had submitted the loan agreement to the Treasury for "review, settlement, and payment under trust authority" pursuant to purported "principles of equitable setoff and discharge." Doc. No. 1-3 at 4. When, unsurprisingly, no payment was made by the Treasury—or by Boggs—the delinquency notices continued, along with warnings that the vehicle could be lawfully repossessed. Doc. No. 1 at 4.

On or about December 22, 2025, Boggs sent a second letter, titled "Conditional Settlement and Discharge of Account," which she claimed enclosed a "conditional settlement instrument." *Id.* The letter asserted that she was tendering a "negotiable instrument" containing "language to trigger acceptance under UCC § 3-311," and that upon acceptance, the loan obligation would be "fully discharged and settled." Doc. No. 1-3 at 8–9. New South Finance responded on December 25, 2025, stating that it did not agree to any settlement other than a full payoff of the account. Doc. No. 1-4 at 2. When Boggs failed to make the required payments, New South Finance repossessed the vehicle on January 9, 2026. *Id.* at 1.

Much of the language of the Complaint is familiar to this Court as it speaks of trusts, alleged payments of the underlying debt through "tender of a negotiable instrument," and how the lender allegedly violated the UCC in proceeding with the repossession. Boggs erroneously believes that she does not have to pay her valid automobile loan based on the widely discredited contention that Article 3 of the UCC permits her to simply declare her debts discharged based on her "tender" of a so-called "negotiable instrument."

Although not explicitly stated, Boggs' Complaint rests on theories commonly associated with the "sovereign citizen" movement. *Riccobono v. Barnum*, No. CV-25-01851-PHX-DJH, 2025 WL 3088987, at *4 (D. Ariz. Nov. 5, 2025). Courts have repeatedly rejected similar arguments as legally baseless and routinely dismiss claims premised on these flawed theories. *See,*

*e.g., Aalaam v. Equifax Info. Servs., LLC*, No. 5:24-CV-00209-KDB-DCK, 2025 WL 492010, at *2 (W.D.N.C. Feb. 13, 2025) (discussing the widely discredited "vapor money" theory and plaintiff's allegations that the UCC allowed him to discharge his debts based on the "tender" of a "negotiable instrument" and dismissing the matter); *Puente v. Navy Fed. Credit Union*, 2025 WL 408677, at *3 (E.D. Pa. 2025) (characterizing allegations that a plaintiff "tendered payment" through pseudo-legal instruments as "legal-sounding but meaningless verbiage" typical of sovereign citizen filings); *Scott v. Westlake Fin., LLC*, 2025 WL 2734569, at *1 (W.D.N.C. 2025) (dismissing claims based on the plaintiff's creation of a purported "Private Living Trust" to extinguish a vehicle lien).

The same defects are present here. Boggs has submitted baseless documents concerning a fictitious trust and asserting that she has satisfied her loan in full through her "tender" of a "negotiable instrument." Because Boggs' claims rely entirely on meritless instruments and irrational legal theories, dismissal is warranted.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED** for purposes of this Order;

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice;

3. Plaintiff's Motion for Injunction (Doc. No. 3), Emergency Motion for Temporary Restraining Order (Doc. No. 5), Motion to Set Preliminary Injunction Hearing (Doc. No. 6), and Emergency Motion to Compel Return of Vehicle (Doc. No. 7) are all **DENIED** as moot; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 4, 2026

Kenneth D. Bell
United States District Judge